UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STEEL, PAPER AND FORESTRY,
RUBBER, MANUFACTURING, ENERGY,
ALLIED INDUSTRIAL AND SERVICE WORKERS
INTERNATONAL UNION, AFL-CIO-CLC; and
RONALD STRAIT and DANNY O. STEVENS,
for themselves and others similarly situated,

        Plaintiffs,

v.

KELSEY-HAYES COMPANY; TRW AUTOMOTIVE,
INC.; and TRW AUTOMOTIVE HOLDINGS
CORPORATION,

        Defendants.
_____/

Case No. _____

Class Action

United States District
Judge _____

**COMPLAINT AND JURY DEMAND**

Plaintiff United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO-CLC ("USW"), and plaintiffs Ronald Strait and Danny O. Stevens for themselves and similarly-situated retirees, former employees, spouses, other eligible dependents, and surviving spouses, file this complaint against defendants Kelsey-Hayes Company, TRW Automotive, Inc., and TRW Automotive Holdings Corporation (collectively, the "Company").

1. Plaintiffs bring this action to protect and enforce rights to retirement healthcare coverage and benefits for the individual plaintiffs and others similarly-situated and for their spouses, other eligible family members, and surviving spouses. The members of the proposed class include retirees and former employees who worked at the Company's plant in Jackson, Michigan, where the retirees and former employees were members of the Union-represented

1

collective bargaining unit. The class which the individual plaintiffs seek to represent consists of similarly-situated retirees and former employees and their spouses, other eligible family members, and surviving spouses. The retirees and former employees earned healthcare coverage and benefits for themselves and their spouses, other eligible family members, and surviving spouses by working for periods of years at the Jackson plant. The healthcare coverage and benefits are promised in collective bargaining agreements binding the Company. The proposed class includes participants in and beneficiaries of a welfare benefit plan or plans created, sponsored, and operated by the Company pursuant to obligations under the governing collective bargaining agreements. Members of the proposed class have been injured and have been, are being, and will be deprived of promised healthcare coverage and benefits as a result of the Company's actions, including the Company's unilateral discontinuation and diminution of promised collectively-bargained retirement healthcare coverage and benefits.

2. This action is brought by the individual plaintiffs for themselves and as class representatives pursuant to Federal Rule of Civil Procedure 23(a) and (b)(1)(A) and (B) and (b)(2) and by the Union as former collective bargaining representative and as a party to the governing collective bargaining agreements.

**Jurisdiction and Venue**

3. This Court has jurisdiction under Section 301 of the Labor-Management Relations Act (LMRA), 29 U.S.C. §185; under 29 U.S.C. §§1331 and 1337; and under Sections 502(a)(1)(B), (a)(3), (e), and (f) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§1132(a)(1)(B), (a)(3), (e), and (f).

4. Venue is proper in this district under LMRA Section 301(a), 29 U.S.C. §185(a), and under ERISA Sections 502(e)(2) and (f), 29 U.S.C. §§1132(e)(2) and (f).

**Parties**

5.      Plaintiff USW is a labor organization representing workers in industries affecting commerce within the meaning of 29 U.S.C. §§142, 152, and 185.  USW has an office in Taylor, Michigan, within this district.  USW is the successor via merger of the various labor organizations that were parties to the collective bargaining agreements ("CBAs") governing the Union-represented collective bargaining unit at the now-closed Jackson plant, including the Allied Industrial Workers of America (AIW), the United Paperworkers International Union (UPIU), the Paper, Allied-Industrial, Chemical and Energy Workers International Union (PACE), and the local union consisting of employees in the collective bargaining unit at the Jackson plant affiliated with the various predecessor international unions and USW, known variously as Local 670, Local 7670, and Local 2-670 (collectively "Union").

6.      Plaintiff and class representative Ronald Strait resides at 4145 Ridge Road, Jackson, Michigan.  He was employed at the Jackson plant from January 1966 until he retired in July 1999.  During that employment he was a member of the Union-represented collective bargaining unit at the Jackson plant and is now a participant in a welfare benefit plan created, sponsored, and operated by the Company to provide healthcare coverage and benefits to retirees and former Union-represented Jackson plant employees and to the retirees' and former employees' spouses, other eligible family members, and surviving spouses.

7.      Plaintiff and class representative Danny O. Stevens resides at 4008 Canary Lane, Jackson, Michigan.  He was employed at the Jackson plant from September 1966 until he retired in March 1999.  During that employment he was a member of the Union-represented collective bargaining unit at the Jackson plant and is now a participant in a welfare benefit plan created, sponsored, and operated by the Company to provide healthcare coverage and benefits to retirees

3

and former Union-represented Jackson plant employees and to the retirees' and former employees' spouses, other eligible family members, and surviving spouses.

8. Defendants Kelsey-Hayes Company, TRW Automotive, Inc., and TRW Automotive Holdings Corporation are related entities, collectively referred to as the "Company."

9. The Company is an employer doing business in industries affecting commerce within the meaning of 29 U.S.C. §§142, 152, and 185, does business in Michigan and other states, and is headquartered in Livonia, Michigan in this district.  The Company is responsible for the collectively-bargained retirement healthcare promised in the various collective bargaining agreements governing the retirement of retirees and former Union-represented Jackson plant employees and is the sponsor of the welfare benefit plan or plans created and maintained pursuant to those collective bargaining agreements to provide healthcare coverage and benefits to retirees and former Union-represented Jackson plant employees and to the retirees' and former employees' spouses, other eligible family members, and surviving spouses.

**Facts**

10. The Company is bound by the various CBAs in effect during the period February 6, 1995 through approximately 2006, including the February 6, 1995 collective bargaining agreement, the February 8, 1999 collective bargaining agreement, and the February 10, 2003 collective bargaining agreement.  Those CBAs promise eligible retirees and former Union-represented Jackson plant employees lifetime Company-paid retirement healthcare at the levels and terms in effect during the effective dates of those CBAs and at the time of the 2006 closing of the Jackson plant and to date, including medical, hospital, surgical, prescription, dental, optical, and hearing aid coverage and partial Medicare Part B premium reimbursements, with

4

healthcare coverage provided through insured or self-insured group plans, including the plans administered by Blue Cross/Blue Shield of Michigan, Blue Care Network, and Humana.

11. Since February 6, 1995 and continuing to date, the Company in general has provided the promised healthcare, with the exception of the limited unilateral exclusion of certain drugs from prescription coverage, an exclusion imposed by the Company in 2010 without retiree or Union consent and over the protest of retirees.

12. On September 14, 2011, the Company wrote to retirees announcing a unilateral "change in our retiree healthcare program effective January 1, 2012." The planned unilateral change, reflected in the Company's letter attached as Exhibit A and the booklet attached as Exhibit B, will discontinue group healthcare plans "for post-65 retirees" and put into effect in place of those group healthcare plans for each "post-65" retiree, spouse, other eligible family member, and surviving spouse, an individual Health Reimbursement Account ("HRA").

13. The planned HRA program described by the Company, reflected in the Company's letter attached as Exhibit A and the booklet attached as Exhibit B, is to be "in place of the TRW Retiree Plan," is to be funded by the Company, and is to be used "to pay premiums and other eligible healthcare expenses incurred in the future" to "offset" healthcare costs incurred by the retiree, including, if the retiree chooses, for the "purchase" by the retiree of "one of several individual Medicare policies" and "prescription drug coverage" and "dental and vision benefits." However, the Company states, "TRW's contribution to the HRA will be reviewed annually and is subject to change" and "TRW retains the right to amend or terminate the HRA."

14. The Company sent to retirees, spouses, and surviving spouses, a booklet, attached as Exhibit B, titled "2012 New Coverage New Choices," addressing the Company's "change" from existing Company-paid retirement healthcare group plans to the Company's HRA program

5

"beginning January 1, 2012" for "eligible retirees and spouses who are enrolled in Medicare due to age or disability." The booklet states:

> You are neither vested in your retiree healthcare benefits nor does TRW Automotive intend to vest you in retiree healthcare benefits. To the fullest extent permitted by law, TRW Automotive reserves the right to amend, modify, suspend, replace or terminate any of its plans, polities or programs (including the HRA), in whole or in part, at any time and for any reason, by appropriate Company action. For example, TRW Automotive may, at any time, increase, decrease or eliminate the amount that is allocated to your HRA account each year.

15.     The Company sent an undated letter to retirees and spouses stating: "Your group health care coverage from TRW Automotive will end on December 31, 2011." A copy of that letter sent to plaintiff Ronald Strait and his wife, Edna Strait, is attached as Exhibit C.

**Class Action**

16.     Individual plaintiffs Strait and Stevens bring this action on behalf of themselves, and on behalf of others similarly-situated under Federal Rules of Civil Procedure 23(a) and (b)(1)(A) and (B) and (b)(2).

17.     The individual plaintiffs seek to represent a class of all persons who are entitled to healthcare coverage and benefits promised by the Company in the governing collective bargaining agreements and those who are entitled to be participants in or beneficiaries of the welfare benefit plan or plans arising under the collective bargaining agreements, including the plan or plans created, sponsored, and administered by or on behalf of the Company to provide healthcare coverage and benefits to retirees and former Jackson plant employees and to the retirees' and former employees' spouses, other eligible family members, and surviving spouses.

18.     The exact number of the members of the proposed class is not presently known to plaintiffs, but, on information and belief, totals approximately 300 or more persons, including

retirees and former employees, and their spouses, other eligible family members, and surviving spouses, and is so numerous that joinder of all members is impracticable.

19. There are questions of law and fact common to the class, including legal and factual questions regarding healthcare coverage and benefits addressed and promised in the governing collective bargaining agreements and welfare benefit plan or plans and the propriety under LMRA and ERISA of defendants' discontinuation, alteration, and threatened discontinuation and alteration, of the healthcare coverage and benefits promised in and arising under the collective bargaining agreements and the plan or plans.

20. The individual plaintiffs' claims are typical of the claims of the proposed class as these claims arise under the collective bargaining agreements and the welfare benefit plan or plans covering retirees and former Union-represented Jackson plant employees and covering the retirees' and former employees' spouses, other eligible family members, and surviving spouses, and the claims relate to conduct by the Company that has adversely and similarly affected all class members and that will adversely and similarly affect all class members in the future.

21. The individual plaintiffs will fairly and adequately and diligently represent the interests of the proposed class and are willing and capable of doing so because they have the same or similar claims and interests arising out of the same or similar operative facts and the same law and contract obligations and benefit plan obligations, and because they have secured the representation of attorneys knowledgeable and experienced in labor law, ERISA, and litigation of this kind, and because they have joined with and secured the support of USW in their efforts to enforce their rights to healthcare coverage and benefits and the rights to healthcare coverage and benefits of members of the proposed class.

7

22. The actions of the Company addressed in this lawsuit apply generally to the proposed class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the proposed class as a whole and so that a class action is appropriate to avoid the risks of inconsistent or varying adjudications of individual claims and individual adjudications that as a practical matter would be dispositive of the interests of those within the proposed class.

### COUNT I - BREACH OF LABOR CONTRACTS

23. Paragraphs 1-22 are incorporated in this count.

24. The Company is obligated under the governing collective bargaining agreements to provide the individual plaintiffs and others similarly-situated, and their spouses, other eligible family members, and surviving spouses, with lifetime Company-paid retirement healthcare coverage and benefits through group plans providing the coverage and benefits promised in the governing collective bargaining agreements, including medical, hospital, surgical, prescription, dental, optical, and hearing aid coverage and benefits and partial Medicare Part B premium reimbursements.

25. The Company unilaterally changed promised healthcare coverage and benefits, and unilaterally failed and refused to provide the individual plaintiffs and others similarly-situated, and their spouses, other eligible family members, and surviving spouses, with healthcare coverage and benefits promised and required by the governing collective bargaining agreements and the Company announced its plan to unilaterally discontinue promised coverage and benefits effective January 1, 2012.

26. The Company's unilateral changes and threatened unilateral changes in healthcare coverage and benefits were and are being and will be imposed by the Company on the individual plaintiffs and on others similarly-situated, and on their spouses, other eligible dependents, and surviving spouses, without the consent of the retirees, their spouses, other eligible family

members, surviving spouses or the Union, in violation and breach of the Company's obligations under the governing collective bargaining agreements.

27. The Company's unilateral changes and threatened unilateral changes shift healthcare-related financial obligations and risks and administrative burdens and responsibilities and expenses from the Company to the class members, and those changes and threatened changes, and any further unilateral changes diminishing or eliminating promised healthcare coverage and benefits, have caused and will cause the individual plaintiffs and others similarly-situated, and their spouses, other eligible family members and surviving spouses, to incur personal expense for healthcare and to incur other burdens and expenses and suffer damages and losses and hardships, and to suffer anxiety and distress, and deprive the individual plaintiffs and others similarly situated, and their spouses, other eligible family members, and surviving spouses of the benefit of their bargain, of the retirement healthcare earned by years of labor for the Company, and of the promised collectively-bargained retirement healthcare.

28. When the Union and the Company negotiated the governing collective bargaining agreements promising healthcare for retirees and former employees and for their spouses, other eligible family members, and surviving spouses, the Union and the Company intended to provide employees and retirees and former employees, and their spouses, other eligible family members, and surviving spouses, with security, stability, certainty, peace of mind, and other benefits of obvious mental concern and solicitude, and they intended that such individuals rely on the Company's promises of lifetime healthcare coverage and benefits.

29. The Company breached its collectively-bargained obligations to plaintiffs and class members and in doing so caused plaintiffs and class members injury and damage and loss and anxiety and distress and will continue to cause plaintiffs and class members injury and

damage and loss and anxiety and distress, and the Company shifts healthcare-related financial obligations and rights and administrative burdens and responsibilities and expenses from the Company to the class members, in breach of the governing collective bargaining agreements.

## COUNT II - VIOLATION OF ERISA

30. Paragraphs 1-29 are incorporated in this count.

31. The collectively-bargained healthcare coverage and benefits promised and provided by the Company to retired former Union-represented employees, including to the individual plaintiffs and others similarly-situated, and to their spouses, other eligible family members, and surviving spouses, constitute one or more "employee welfare benefit plan" or plans within the meaning of ERISA, 29 U.S.C. §1002(1).

32. The Company is, and was at all relevant times, the "sponsor" and the "administrator" of the "employee welfare benefit plan" or plans within the meaning of ERISA, 29 U.S.C. §§1002(16)(A) and (B).

33. The individual plaintiffs and persons similarly-situated, and their spouses, other eligible family members, and surviving spouses, are or are entitled to be "participants" in or "beneficiaries" of the "employee welfare benefit plan" or plans within the meaning of ERISA, 29 U.S.C. §§1002(7) and (8).

34. The collectively-bargained "employee welfare benefit plan" or plans created, sponsored, and administered by the Company promise and provide healthcare coverage and benefits for retired former Union-represented Company employees, including the individual plaintiffs and others similarly-situated, and their spouses, other eligible family members, and surviving spouses.

35. The Company's unilateral actions discontinuing and diminishing collectively-bargained healthcare coverage and benefits, and the Company's failure and refusal to provide

collectively-bargained healthcare coverage and benefits according to the welfare benefit plan or plans, violate the terms of the plan or plans and breach defendants' obligations to fully comply with the plan or plans.

36. The Company's unilateral actions discontinuing and diminishing plan coverage and benefits, and expressing the intention to discontinue, diminish, and otherwise alter the plan or plans and plan coverage and benefits in the future, are wrongful and actionable under ERISA, 29 U.S.C. §§1132(a)(1)(B) and (3), which entitles a participant or a beneficiary to bring a civil action "to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan" and "to enjoin any act or practice which violates…the terms of the plan or…to obtain other appropriate equitable relief…to redress such violations or…to enforce…the terms of the plan."

37. The Company breached its obligations and responsibilities under ERISA and the governing plan or plans and in doing so caused injury and damage and loss to the individual plaintiffs and others similarly-situated, and to their spouses and other eligible family members and surviving spouses, and continues to do so.

## COUNT III – BREACH OF ERISA FIDUCIARY DUTY

38. Paragraphs 1-37 are incorporated in this count.

39. The Company is a fiduciary of the "employee welfare benefit" plan or plans within the meaning of ERISA, 29 U.S.C. §1002(21)(A), exercises control over the management of the plan or plans and plan assets, and has discretionary authority and responsibility in the administration of the plan or plans in addition to and beyond its control, authority, and responsibility as sponsor and settlor of the plan or plans.

40. The Company has breached and is breaching its fiduciary duty under ERISA, by making and endorsing unilateral changes implemented, and to be implemented effective January 1, 2012 and thereafter, in the plan or plans, and in plan administration, and by, among other things, representing to plan participants and beneficiaries that the discontinuation of the insured and self-insured group healthcare plans and the implementation of the HRA program, reflected in Exhibits A and B, is advantageous and entails "continued financial support from TRW to help you pay for retiree health care expenses" while at the same time failing to disclose the risks, added costs, burdens, and disadvantages of the HRA program, and failing to specify the consequences of the change, and failing to explain the discontinuation of the coverage and benefits promised by the plan or plans and the governing collective bargaining agreements and the impact of discontinuation, and by unilaterally imposing the discontinuation and change, and at the same time asserting the "right to amend or terminate the HRA" and the prerogative "at any time" to "decrease or eliminate the amount that is allocated to your HRA account each year" and at the same time falsely, and for its own self-interested purposes, contrary to the governing collective bargaining agreements and to judicial decisions and litigation settlements, asserting that retirees are not "vested in your retiree healthcare benefits."

**Relief Requested**

Plaintiffs ask that the Court:

1. Certify this action as a class action, appoint plaintiffs Strait and Stevens as class representatives, and appoint plaintiffs' counsel Legghio & Israel, P.C. as class counsel;

2. Declare and determine that the Company violated the governing collective bargaining agreements and welfare benefit plan or plans and is liable, in all of its corporate manifestations and names, for those violations, and direct the Company to cease those violations and to rectify those violations by paying damages and expenses incurred due to the violations, and by otherwise making plaintiffs and class members whole;

3. Award damages and "make whole" remedies to plaintiffs and class members and direct the Company to provide suitable mechanisms to ensure full and timely "make whole" relief to all affected class members;

4. Issue preliminary and permanent injunctions directing the Company to satisfy its contractual and statutory duties and responsibilities under the governing collective bargaining agreements and welfare benefit plan or plans and to reinstate and maintain promised and vested healthcare for the members of the class;

5. Direct the Company to pay interest on damages suffered and expenses incurred by class members, to pay plaintiffs' costs and expenses and attorney fees, and to pay such other costs, expenses, and compensatory, punitive and exemplary damages as may be warranted; and

6. Award such other relief necessary to make plaintiffs and class members whole and such other relief as may be warranted by law and equity.

    s/Stuart M. Israel
    Stuart M. Israel (P15359)
    John G. Adam (P37205)
    Legghio & Israel, P.C.
    306 South Washington, Suite 600
    Royal Oak, Michigan 48067
    (248) 398-5900
    israel@legghioisrael.com
    jga@legghioisrael.com

    Attorneys for Plaintiffs

        Joseph P. Stuligross, Associate General Counsel
        Cara Krueger, Assistant General Counsel
        United Steel, Paper and Forestry, Rubber,
          Manufacturing, Energy, Allied Industrial
          and Service Workers International Union,
          AFL-CIO-CLC
        Five Gateway Center
        Pittsburgh, PA  15222
        (412) 562-2533
        jstuligross@ usw.org
        ckrueger@usw.org

        Attorneys for Plaintiff USW

## **JURY DEMAND**

Plaintiffs request trial by jury of all issues triable by jury.

s/Stuart M. Israel
Stuart M. Israel (P15359)
John G. Adam (P37205)
Legghio & Israel, P.C.
306 South Washington, Suite 600
Royal Oak, Michigan 48067
(248) 398-5900
israel@legghioisrael.com
jga@legghioisrael.com

Attorneys for Plaintiffs

Joseph P. Stuligross, Associate General Counsel
Cara Krueger, Assistant General Counsel
United Steel, Paper and Forestry, Rubber,
  Manufacturing, Energy, Allied Industrial
  and Service Workers International Union,
  AFL-CIO-CLC
Five Gateway Center
Pittsburgh, PA  15222
(412) 562-2533
jstuligross@ usw.org
ckrueger@usw.org

Attorneys for Plaintiff USW

Dated:  December 15, 2011