UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STEEL, PAPER AND FORESTRY,
RUBBER, MANUFACTURING, ENERGY,
ALLIED INDUSTRIAL AND SERVICE WORKERS
INTERNATIONAL UNION, AFL-CIO-CLC;
RONALD STRAIT; and DANNY O. STEVENS,   Hon. Gershwin A. Drain
for themselves and others similarly situated,   Case No. 11-cv-15497

     Plaintiffs,

v.

KELSEY-HAYES COMPANY; TRW AUTOMOTIVE,
INC.; and TRW AUTOMOTIVE HOLDINGS CORP.

     Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION [#31]

### I. INTRODUCTION

On December 15, 2011, Plaintiffs, United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO-CLC ("USW"), and Plaintiffs Ronald Strait and Danny O. Stevens filed the instant action against Defendants, Kelsey-Hayes Company, TRW Automotive, Inc., and TRW Automotive Holdings Corporation (collectively "Defendants") asserting that Defendants breached their obligations under collective bargaining agreements ("CBAs") to provide Plaintiffs with lifetime retiree healthcare benefits. Presently before the Court is Plaintiffs' Motion for Class Certification. This matter is fully briefed and a hearing was held on March 12, 2013. For the reasons that follow, the Court grant Plaintiffs' Motion for Class Certification.

-1-

## II.     FACTUAL BACKGROUND

Plaintiffs, the proposed class and Defendants entered into a series of CBAs governing the now closed Jackson, Michigan, Kelsey-Hayes automobile parts manufacturing plant. The CBAs promised eligible retirees and former Union-represented Jackson plant employees lifetime Company-paid retirement healthcare at the levels and terms in effect during the effective dates of those CBAs and at the time of the closing of the Jackson plant. The February 10, 2003 CBA was in effect at the time the Jackson plant closed in 2006 and it states that the healthcare that retiring employees had "at the time of retirement . . . shall be continued thereafter" and that Defendants "shall contribute the full premium" for retirees, their eligible family members, and surviving spouses.

On September 14, 2011, Defendants wrote a letter to retirees announcing a "change in our retiree healthcare program effective January 1, 2012." The change discontinues group healthcare plans and puts into effect an individual Health Reimbursement Account ("HRA") in place of the group healthcare plans for each retiree, spouse, and other eligible family member. The planned HRA program is funded by Defendants and is to be used "to pay premiums and other eligible healthcare expenses incurred in the future" to "offset" healthcare costs incurred by the retiree, including, if the retiree chooses, for the "purchase" by the retiree of "one of several individual Medicare policies" and "prescription drug coverage" and "dental and vision benefits." However, Defendants indicated that their contribution to the HRA will be reviewed annually and is subject to change" and that Defendants "retain[] the right to amend or terminate the HRA."

Plaintiffs filed the instant action on December 15, 2011 pursuant to Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185 and under Sections 502(a)(1)(B), (a)(3),

(e)and (f) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132(a)(1)(B) *et seq*. Plaintiffs, on behalf of themselves and a class of persons similarly situated, seek a declaratory judgment that Defendants violated the governing CBAs. Plaintiffs also seek damages and injunctive relief. Plaintiffs seek to certify a class consisting of approximately 400 retirees, their surviving spouses, and other eligible dependents who retired under the 1995, 1999, and 2003 CBAs governing the now closed Jackson, Michigan, Kelsey Hayes plant. Further, Plaintiffs request that the Court appoint Plaintiffs Danny O. Stevens and Ronald Strait as class representatives, as well as appoint Plaintiffs' counsel, Stuart M. Israel and his firm, Legghio & Israel, P.C. as class counsel. Specifically, Plaintiffs define the proposed class as:

> All persons who retired or terminated from the union-represented collective-bargaining unit at the Kelsey-Hayes plant in Jackson, Michigan under the 1995, 1999, and 2003 collective bargaining agreements and the retirees' and terminating employees' surviving spouses and other dependents eligible for company-paid retirement healthcare, including all (1) pension-eligible retired employees; (2) pension-ineligible employees "terminating at age 65 or older" not discharged "for cause"; (3) the surviving spouses of the retired and "terminating" employees; and (4) the "eligible dependents" of the retirees, "terminating" employees, and surviving spouses.

### III. LAW & ANALYSIS

#### A. Standard of Review

Federal Rule of Civil Procedure 23 governs class certification. *See* Fed. R. Civ. P. 23. "While [a] district court has broad discretion in certifying class actions, it must exercise that discretion within the framework of Rule 23." *Coleman v. GMAC*, 296 F.3d 443, 446 (6th Cir. 2002). "The party seeking the class certification bears the burden of proof." *In re Am. Med. Sys., Inc*., 75 F. 3d 1069, 1079 (6th Cir. 1996). "[B]oth the Supreme Court and this Circuit require that a district court conduct a 'rigorous analysis' of the Rule 23(a) requirements before certifying a class." *Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield*, 654 F. 3d 618, 629 (6th Cir. 2011). Rule

23(a) contains four prerequisites-numerosity, commonality, typicality and adequacy of representation- that must be met before a class can be certified. *See* Fed. R. Civ. P. 23(a)(1)-(4). Once the party satisfies all of the conditions of Rule 23(a), he or she must also demonstrate that the class fits under one of the three subdivisions of Rule 23(b). Here, plaintiff argues that class certification is appropriate under Rule 23(b)(1) and (b)(2).

> (b) **Types of Class Actions**. A class action may be maintained if Rule 23(a) is satisfied and if:
>
> (1) prosecuting separate actions by or against individual class members would create a risk of:
>
> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class;
>
>    *       *       *
>
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]

Fed. R. Civ. P. 23(b)(2).

Upon consideration of Rule 23, the parties' briefing and arguments during the March 12, 2013 hearing, the Court concludes that Plaintiffs have met their burden demonstrating that class certification is appropriate under Rule 23(b)(1) and (b)(2). This Court's conclusion is supported by the various cases from this Circuit relied on by Plaintiffs, wherein the court certified retiree class actions under Rule 23(b)(1) and (b)(2). *See Fox v. Massey-Ferguson, Inc*., 172 F.R.D. 653 (E.D. Mich. 1995); *Reese v. CNH America LLC*, 227 F.R.D. 483 (E.D. Mich. 2005); *Sloan v. BorgWarner, Inc*., 263 F.R.D. 470 (E.D. Mich. 2009); *Bittinger v. Tecumseh Prods. Co.*, 915 F.Supp. 885 (E.D. Mich. 1996).

**B.**  **Rule 23(a) Requirements**

**1. Numerosity**

The numerosity factor requires examination of the specific facts of each case and imposes no absolute limitations. *See Senter v. General Motors Corp.*, 532 F.2d 511, 523 n.24 (6th Cir. 1976), cert. denied 429 U.S. 870 (1976). The modern trend for meeting the numerosity factor is to require at a minimum "between 21 and 40" class members. *See Rodriguez v. Berrybrook Farms, Inc.*, 672 F.Supp. 1009, 1013 (W.D. Mich. 1987); *see also Roman v. Korson*, 152 F.R.D. 101, 105-06 (W.D. Mich. 1993). Here, there are approximately 400 proposed class members. Thus, the numerosity requirement has been satisfied.

**2. Commonality**

The commonality requirement "simply requires *a* common question of law or fact." *Reese v. CNH America LLC*, 227 F.R.D. 483, 487 (E.D. Mich. 2005) (emphasis in original). "The interests and claims of the various plaintiffs need not be identical. Rather, the commonality test is met when there is at least one issue whose resolution will affect all or a significant number of the putative class members." *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 422 (6th Cir. 1998). In *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 884 (6th Cir. 1997), the Sixth Circuit Court of Appeals concluded that the commonality requirement had been met where each member of the proposed class was subject to a collective bargaining agreement guaranteeing lifetime, fully-funded benefits. *Id.* Here, Plaintiffs Stevens and Strait and the proposed class members are all retirees subject to a collective bargaining agreement guaranteeing lifetime company-paid retirement healthcare benefits. Thus, as in *Bittinger*, "[t]his common question is all that is required under the Rule." *Id.*; *see also Reese*, 227 F.R.D. at 487-88 ("the test for commonality . . . is not demanding" where defendant altered retirees' healthcare benefits, the test is met despite the presence of individual "factual and legal variations"); *Fox v. Massey-Ferguson, Inc.*, 172 F.R.D. 653, 661-62 (E.D. Mich. 1995)

(commonality test met where plaintiffs, although asserting claims under various agreements for "varying amounts of damages," all challenged the decision to alter retirement healthcare benefits.)

### 3. Typicality

A plaintiff's claim is typical if "it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *In re American Medical Sys.*, 75 F.3d at 1078. "Like the test for commonality, the test for typicality is not demanding and the interests and claims of the various plaintiffs need not be identical." *Reese*, 227 F.R.D. at 487. Further, a class representative's claim is typical even though "the evidence relevant to his or her claim varies from other class members, some class members would be subject to different defenses, and the members may have suffered varying levels of injury." *Id.* at 487-88 (citing *Bittinger*, 123 F.3d at 884-85).

In *Reese*, the court found both commonality and typicality where, like here, the class representatives and proposed class members all claimed that their former employer wrongfully threatened to reduce retiree healthcare benefits contrary to various agreements. *Id.* at 488-89; *see also Fox*, 172 F.R.D. at 661-62 (concluding that typicality test met where the proposed class members assert rights to health care benefits and rejecting the defendant's argument that typicality is absent where "damages may vary between the claimants . . . .") Here, Plaintiffs Strait and Stevens and the proposed class members claim that Defendants have wrongfully altered their collectively-bargained lifetime healthcare benefits, as well as threatened to reduce, suspend or eliminate this promised healthcare in the future. Thus, this claim is based on the same course of conduct and same legal theory and the typicality requirement is met.

### 4. Adequacy of Representation

In order to meet the adequacy test, Plaintiffs Stevens and Strait "must have common interests

with unnamed members of the class" and "it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Senter*, 532 F.2d at 525. Here, the individual Plaintiffs Strait and Stevens included their declarations evidencing their commitment to pursue the common interests of the class members to enforce their collectively bargained for retiree healthcare benefits. *See* Mot. to Certify, Exs. 1 and 2. Both Strait and Stevens are former union officials who participated in collective bargaining. *Id.* They have joined the USW, which is likewise committed to prosecuting this action. *Id.*

Further, the individual Plaintiffs are represented by qualified counsel, Stuart M. Israel, who has been practicing law since 1972 and focuses his practice on labor and employment law. *Id.*, Ex. 3. Mr. Israel has extensive experience handling other ERISA/LMRA retirement healthcare litigation, including an action pending in this court with virtually identical CBA terms, as well as challenges the company's 2012 shift from group retirement coverage to the same HRA program involved herein. Mr. Israel has also published numerous articles addressing ERISA/LMRA retirement healthcare litigation, was elected to two terms on the State Bar of Michigan Labor and Employment Law Section Council, as well as was elected as a Fellow of The College of Labor and Employment Lawyers in 2007. Accordingly, the Court finds that Mr. Israel and his firm, Legghio & Israel, P.C., are qualified to serve as class counsel pursuant to Rule 23(a)(4) and Rule 23(g).

**C.      Rule 23(b) Requirements**

As to Rule 23(b), Plaintiffs argue that certification is appropriate under both Rule 23(b)(1) and 23(b)(2). The Court agrees with Plaintiffs. Certification is proper under Rule 23(b)(1) where a substantial risk of "inconsistent or varying adjudications" will result in "incompatible standards" governing Defendants' obligations with respect to the retirees' healthcare benefits. In *Reese*, the district court concluded that certification pursuant to Rule 23(b)(1) was appropriate because "there

is a risk of inconsistent results if the 1450 retirees and surviving spouses of retirees file individual lawsuits to challenge [the former employer]'s threatened modification of their health insurance benefits." *Reese*, 227 F.R.D. at 489.

Thus, as in *Reese*, Defendants "could be subject to incompatible standards of conduct–paying the full-costs of benefits for some plaintiffs but not others." *Id.*; *see also Fox*, 172 F.R.D. at 665 (finding that the plaintiffs satisfied their burden for class certification under 23(b)(1) because "the prosecution of separate actions" will inevitably lead to different results wherein the defendant "could prevail in some cases and lose in others which, in turn, would lead to inconsistent and, perhaps, inequitable results."); *Sloan*, 263 F.R.D. at 477 ("As to class certification under Rule 23(b)(1), the Court finds that it too is not defeated by Plaintiff's request for 'back benefit' damages. Separate adjudications of Plaintiffs' claims for injunctive or declaratory relief clearly presents a risk of incompatible standards being applied to different members of the Class.").

The Court rejects Defendants contention that certification is improper under Rule 23(b)(1). Defendants cite to an old district court case from the United States District Court for the District of Montana in support of their argument. *See Chmieleski v. City Prods. Corp.*, 71 F.R.D. 118 (D. Mo. 1976). The Court declines to follow this non-binding authority, which contravenes the many district court cases from this Circuit concluding that class certification in retiree actions concerning collectively bargained for health care benefits is appropriate under Rule 23(b)(1). *See Reese*, 227 F.R.D. at 489; *see also Fox*, 172 F.R.D. at 665; *Sloan*, 263 F.R.D. at 477.

In addition to class certification under Rule 23(b)(1), the Court finds that certification pursuant to Rule 23(b)(2) is appropriate because Defendants have acted "on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole . . . ." Fed. R. Civ. P. 23(b)(2). *See Fox*, 172 F.R.D. at 665 ("[I]t is

-8-

abundantly clear that the administrative decision by [the former employer] with regard to the then-existing health care benefits affected the entire proposed class, thus making the issue of a permanent injunction and corresponding declaratory relief facially appropriate."); *see also UAW v. ACME Precision Prods., Inc*., 515 F.Supp. 537, 540 (E.D. Mich. 1981) (actions "seeking to compel the defendant to continue to pay the cost of health insurance benefits for retirees, would be . . . a (b)(2) class" action); *Sloan*, 263 F.R.D. at 477 (finding class certification to be appropriate under both Rule 23(b)(1) and (b)(2)).

In response to Plaintiffs' Motion for Certification, Defendants concede that class certification under Rule 23(b)(2) is appropriate. However, Defendants argue that if class certification proceeds beyond resolution of whether the CBAs prohibit the changes made to Plaintiffs' healthcare benefits, certification will become problematic because some of the retirees may prefer the HRAs rather than restoration of CBA-promised healthcare coverage. Thus, Defendants suggest that the Court proceed with certification in a liability/remedy "staged approach." Defendants provide no legal authority wherein retiree healthcare class actions have separated merits and remedy certification or included an "opt-out" remedy approach. The Court declines to proceed in this manner without any legal authority for such an approach.

Further, this suggested approach is inconsistent with the many district court cases certifying class actions under Rule 23(b)(2). *See Fox*, 172 F.R.D. at 665; *see also UAW*, 515 F.Supp. at 540; *Sloan,* 263 F.R.D. at 477. The policy behind Rule 23 to promote efficiency, economy, and consistency would be frustrated with such an approach. Absent the economies, efficiencies and collective features of a class action, the proposed class members may be vulnerable to a "self interested employer" who seeks to save "a good deal of money" by "illegally withholding" promised benefits. *See UAW v. Loral Corp*., Nos. 95-3710, 95-3711, 1997 WL 49077 (6th Cir. Feb. 3, 1997).

Further, if Plaintiffs succeed in their action, all class members will have the right to group coverage. Any individual who prefers to forego that right for HRA participation is free to enter into an agreement with Defendants. There is no barrier to direct retiree-employer settlements should an individual retiree choose HRA participation in lieu of the CBA-promised group health coverage. Thus, the Court finds that the complexity and delay that would occur with Defendants' suggested "staged approach" is not warranted under the circumstances.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, IT IS ORDERED that Plaintiffs' Motion for Class Certification [#11] is GRANTED.

IT IS FURTHER ORDERED that the Court certifies a Class, pursuant to Rule 23(b)(1) and (b)(2), consisting of the following:

> All persons who retired or terminated from the union-represented collective-bargaining unit at the Kelsey-Hayes plant in Jackson, Michigan under the 1995, 1999, and 2003 collective bargaining agreements and the retirees' and terminating employees' surviving spouses and other dependents eligible for company-paid retirement healthcare, including all (1) pension-eligible retired employees; (2) pension-ineligible employees "terminating at age 65 or older" not discharged "for cause"; (3) the surviving spouses of the retired and "terminating" employees; and (4) the "eligible dependents" of the retirees, "terminating" employees, and surviving spouses.

IT IS FURTHER ORDERED that Plaintiffs Ronald Strait and Danny O. Stevens are appointed as class representatives.

IT IS FURTHER ORDERED that Stuart M. Israel and Legghio & Israel, P.C. are appointed as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.


Dated: March 18, 2013                /s/Gershwhin A Drain
                                     UNITED STATES DISTRICT JUDGE