UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STEEL, PAPER AND FORESTRY,
RUBBER, MANUFACTURING, ENERGY,
ALLIED INDUSTRIAL AND SERVICE WORKERS      Case No. 11-15497
INTERNATIONAL UNION, AFL-CIO-CLC;           Class Action
RONALD STRAIT; and DANNY O. STEVENS,
for themselves and others similarly-situated,

                                                                  U.S. District Judge
                                                                  Gershwin A. Drain

            Plaintiffs,
  v.

KELSEY-HAYES COMPANY; TRW AUTOMOTIVE, INC.;
and TRW AUTOMOTIVE HOLDINGS CORP.,

            Defendants.
_____/

**PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION GIVING EFFECT TO
THE COURT'S OPINION GRANTING SUMMARY JUDGMENT
AND PERMANENT INJUNCTION [DOCKET 65]**

**BRIEF IN SUPPORT**

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| Joseph P. Stuligross, | Stuart M. Israel (P15359) |
|     Associate General Counsel | John G. Adam (P37205) |
| United Steelworkers, AFL-CIO-CLC | Legghio & Israel, P.C. |
| Five Gateway Center | 306 South Washington, Suite 600 |
| Pittsburgh, PA 15222 | Royal Oak, MI 48067 |
| (412) 562-2533 | (248) 398-5900 |
| jstuligross@usw.org | israel@legghioisrael.com |
| | jga@legghioisrael.com |
| Attorney for USW | |
| | Attorneys for Class Representatives and |
| |     USW |

**PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION GIVING EFFECT TO
THE COURT'S OPINION GRANTING SUMMARY JUDGMENT
AND PERMANENT INJUNCTION [DOCKET 65]**

Pursuant to the Court's opinion and order granting plaintiffs' motion for summary judgment and permanent injunction (Docket 65) and the related judgment (Docket 66), and pursuant to Fed.R.Civ.P. 65(d)(1), plaintiffs ask the Court to issue its permanent injunction in the proposed form attached (Ex. A), or in such other form as may be directed by the Court, directing defendants to fully comply with, and to rectify their past non-compliance with, their contractual and statutory obligations to the members of the certified class and to provide for the effective implementation of the Court's April 24, 2013 opinion and order.

Plaintiffs' counsel asked defendants on April 24, 2013 for their plan to comply with the Court's opinion and order and, on April 30, 2013, asked for defendants' concurrence in the relief sought in this motion, but have not obtained concurrence, necessitating this motion.

This motion is supported by the attached brief, the proposed permanent injunction (Ex. A), and the Court's April 24, 2013 opinion and judgment (Docket 65-66).

                                                                      s/Stuart M. Israel
                                                                      Stuart M. Israel (P15359)
                                                                       John G. Adam (P37205)
                                                                       Legghio & Israel, P.C.
                                                                       306 South Washington, Suite 600
                                                                       Royal Oak, MI 48067
                                                                       (248) 398-5900
                                                                       israel@legghioisrael.com
                                                                       jga@legghioisrael.com
                                                                       Attorneys for Class Representatives and USW

                                                                       Joseph P. Stuligross, Associate General Counsel
                                                                       United Steelworkers, AFL-CIO-CLC
                                                                       Five Gateway Center
                                                                       Pittsburgh, PA 15222
                                                                       (412) 562-2533
                                                                       jstuligross@usw.org

May 3, 2013                                         Attorney for USW

# BRIEF IN SUPPORT

# TABLE OF CONTENTS

LOCAL RULE 7.1 STATEMENT OF ISSUE ................................................................................ ii

LOCAL RULE 7.1 STATEMENT OF APPROPRIATE AUTHORITIES .................................. iii

SUMMARY OF FACTS ................................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

## LOCAL RULE 7.1 STATEMENT OF ISSUE

**Where** the Court granted summary judgment and held that defendants breached the LMRA and ERISA by unilaterally discontinuing collectively-bargained retirement healthcare promised by the 1995, 1999, and 2003 CBAs (Docket 65 and 66), and

**Where** the Court recognized that plaintiffs "are entitled to declaratory, injunctive and 'make whole' remedies" (Docket 65 at 15), and

**Where** the Court directed defendants to "restore the status quo" and "permanently enjoined" defendants "from any further unilateral changes to the retirees' vested lifetime healthcare coverage under the CBAs" (Docket 65 at 18),

**WHETHER** the Court should issue its permanent injunction, pursuant to Rule 65(d)(1), in the proposed form attached (Ex. A), or in such other form as may be directed by the Court, to direct defendants to fully comply with, and rectify their past non-compliance with, the CBAs and ERISA, and to provide for the effective implementation of the Court's April 24, 2013 opinion.

## LOCAL RULE 7.1 STATEMENT OF APPROPRIATE AUTHORITIES

1. "Every order granting an injunction…must:  (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail…the act or acts restrained or required."

   **Fed. R. Civ. P. 65(d)(1)**

2. An appropriate remedy to rectify an employer's wrongful unilateral changes to collectively-bargained retirement healthcare in an ERISA/LMRA class action may include:

   A. directing the employer to "comply with its CBA obligations regarding retirement healthcare";

   B. requiring the employer to "promptly restore the *status quo ante*" and undo the employer's unilateral changes imposed in violation of the CBAs and ERISA;

   C. directing the employer to "continue to provide [the promised] healthcare benefits, at no premium cost to class members, for the lifetime of each class member";

   D. requiring that the employer "promptly take such action as necessary to identify, and make whole class members for, the expenses incurred by class members due" to the employer's "unilateral changes"; and

   E. retaining "jurisdiction over any post judgment matters and issues of implementation and enforcement" of the Court's "order, the judgment, and the permanent injunction."

   ***Hargrove v. EaglePicher Corp.*, 852 F.Supp.2d 851, 857 at ¶¶27-28 (E.D. Mich. 2012)**

## SUMMARY OF FACTS

The Court granted summary judgment and held that the CBAs unambiguously "promised lifetime company-paid retirement health benefits." The Court held that defendants' unilateral discontinuation of the promised group healthcare and imposition of capped and terminable health reimbursement arrangements ("HRAs") "breached the parties' 1995, 1999 and 2003 CBAs in violation [of] the LMRA and ERISA." The Court directed defendants to restore the promised healthcare displaced by the unilaterally-imposed HRAs. (Docket 65 at 7, 9, 11, 13-14, 16-17 and *passim*). The Court also "permanently enjoined" defendants "from any further unilateral changes to the retirees' vested lifetime healthcare coverage under the CBAs." (Docket 65 at 18). And the Court also held (Docket 65 at 15): "Plaintiffs are entitled to declaratory, injunctive and 'make whole' remedies to which monetary relief is incidentally awarded."

In this motion, we ask the Court to issue its permanent injunction in the proposed form attached as Exhibit A, or in such other form as may be directed by the Court, consistent with the Court's holding, to specify and provide detail regarding defendants' restoration, compliance, and "make whole" obligations to the retirees.

**ARGUMENT**

The proposed injunction seeks to provide detail regarding defendants' restoration, compliance, and "make whole" obligations and to specify that the Court will have continued jurisdiction over any post-judgment matters and issues of implementation and enforcement of the Court's opinion, judgment, and injunctive relief. (Exhibit A).

Restoration of the *status quo ante* is likely to require a period of time, and is likely to require resolution of issues about bridging the period from when the promised healthcare was discontinued, to the period when the imposed HRAs were in force and, ultimately, to the point when the promised healthcare is fully restored. It is likely, too, that issues will arise about the "make whole" process necessary to rectify defendants' CBA breaches and ERISA violations.

As the Court will see, the proposed permanent injunction tracks the relief sought in our summary judgment motion (*e.g.*, Docket 47 at 30; Docket 54 at 20) and addressed in the Court's opinion (Docket 65 at 15). It also parallels the similar relief sought and awarded in *Hargrove v. EaglePicher Corp.*, 852 F.Supp.2d 851, 857, at ¶¶27-28 (E.D. Mich. 2012):

> Defendant shall comply with its CBA obligations regarding retirement healthcare. Defendant shall promptly restore the *status quo ante* and provide class members with the healthcare benefits in force [before defendants' unilateral change in breach of the CBAs and ERISA]…and shall continue to provide these healthcare benefits, at no premium cost to class members, for the lifetime of each class member. Defendant shall promptly take such action as necessary to identify, and make whole class members for, the expenses incurred by class members due to the defendant's unilateral changes imposed on the class members during the period from January 1, 2010 [when the unilateral changes were imposed] until the date that the *status quo ante* is restored.
>
> * * *
>
> The Court shall administratively close this action, but shall retain jurisdiction over any post judgment matters and issues of implementation and enforcement of this order, the judgment, and the permanent injunction.

**In sum**, we ask the Court to issue its permanent injunction in the proposed form attached as Exhibit A, or in such other form as directed by the Court, to specify defendants' restoration, compliance, and "make whole" obligations and to provide the basis for effective implementation of the Court's April 24, 2013 opinion and order.

s/Stuart M. Israel
Stuart M. Israel (P15359)
John G. Adam (P37205)
Legghio & Israel, P.C.
306 South Washington, Suite 600
Royal Oak, MI 48067
(248) 398-5900
israel@legghioisrael.com
jga@legghiosirael.com

Attorneys for Class Representatives and USW

Joseph P. Stuligross, Associate General Counsel
United Steelworkers, AFL-CIO-CLC
Five Gateway Center
Pittsburgh, PA 15222
(412) 562-2533
jstuligross@usw.org

May 3, 2013                              Attorney for USW

3

## CERTIFICATE OF SERVICE

  I hereby certify that on May 3, 2013, I caused the foregoing paper to be electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of interest participating in the CM/ECF system.

              s/Stuart M. Israel
              Stuart M. Israel