IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO-CLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KELSEY-HAYES COMPANY, TRW AUTOMOTIVE INC., *et al.*, <br><br> Defendants. | CASE NO. 4:11-cv-15497 <br><br> JUDGE GERSHWIN DRAIN |

Stuart M. Israel (P15359)
John G. Adam (P37205)
LEGGHIO & ISRAEL, P.C.
306 South Washington, Suite 600
Royal Oak, MI 48067
Telephone: (248) 398-5900
Email: israel@legghioisrael.com
   jga@legghioisrael.com

*Attorneys for Plaintiffs*

Joseph P. Stuligross
Cara Krueger
USW International Union
Five Gateway Center
Pittsburgh, PA 15222
(412) 562-2533

*Attorneys for Plaintiff USW*

Gregory V. Mersol (OH 0030838)
Todd A. Dawson (OH 0070276)
BAKER & HOSTETLER LLP
3200 PNC Center
1900 East Ninth Street
Cleveland, OH  44114-3485
Telephone:  (216) 621-0200
Facsimile:  (216) 696-0740
Email:  gmersol@bakerlaw.com
   tdawson@bakerlaw.com

*Attorneys for Defendants*

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR "PERMANENT INJUNCTION GIVING EFFECT TO THE COURT'S OPINION GRANTING SUMMARY JUDGMENT AND PERMANENT INJUNCTION"**

## CONCISE STATEMENT OF THE ISSUES PRESENTED

1. Whether plaintiffs' motion for a permanent injunction "giving effect" to the Court's opinion granting summary judgment should be dismissed as an attempt to expand on the Court's decision.

    Defendants would answer:  Yes.
    Plaintiffs would answer: No.

2. Whether plaintiffs' proposed permanent injunction should be dismissed because it contradicts provisions of the Court's decision and order granting summary judgment.

    Defendants would answer:  Yes.
    Plaintiffs would answer: No.

## CONTROLLING AUTHORITY FOR THE RELIEF SOUGHT

1. *Woodruff v. Ohman*, 29 Fed. Appx. 337 (6th Cir. 2002)

## **TABLE OF CONTENTS**

I.     INTRODUCTION ........................................................................................................................6

II.    ARGUMENT.................................................................................................................................6

        A.     The Court Can Determine An Appropriate Remedy And Has Already Issued Its Order Ruling On The Merits. ....................................................................................6

        B.     Plaintiffs Cannot Request An Expansion Of The Court's Ruling Under the Guise Of "Providing Detail." ..........................................................................................7

        C.     The *Hargrove* Decision Is Inapposite............................................................................ 10

III.   CONCLUSION ......................................................................................................................... 10

## **TABLE OF AUTHORITIES**

*Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73 (1995)..................................................................8

*Woodruff v. Ohman*, 29 Fed. Appx. 337 (6th Cir. 2002)..................................................................6

**I.      INTRODUCTION**

Plaintiffs skirt the boundaries of hyperbole when they allege that their motion "seeks to provide detail" regarding the Court's decision granting summary judgment and a permanent injunction. More appropriately put, plaintiffs seek to add to what the Court has determined in its ruling, including provisions that conflict with what the Court has already ordered. Plaintiffs, however, provide no reason or authority giving them the ability to extend and extrapolate beyond what the Court has already ruled to be proper relief for the class. As a result, their motion should be denied, and the Court's ruling should stand as written.

**II.     ARGUMENT**

**PLAINTIFFS' MOTION SHOULD BE DENIED**

**A.    The Court Can Determine An Appropriate Remedy And Has Already Issued Its Order Ruling On The Merits.**

The Court is the master of its determined remedy. Thus, a court may determine a remedy it sees fit for a lawsuit pending before it. *Woodruff v. Ohman*, 29 Fed. Appx. 337, 346 (6th Cir. 2002) (holding that district courts have discretion to exercise broad and flexible equitable powers to fashion remedies). The Court in this matter did precisely this when it held:

> Defendants shall restore the status quo by reinstating the Plaintiffs' healthcare coverage in effect until 2012. Defendants are hereby PERMANENTLY ENJOINED from any further unilateral changes to the retirees' vested lifetime healthcare coverage under the CBAs.

(Court's Order, Dkt. 64 at 18). There is no question that this ruling constitutes the Court's final order. The case is now closed, save for the issue of attorneys' fees. As a result, that is Court's decision going forward, and the ruling by which plaintiffs and defendants must abide, pending the results of an appeal.

### B. Plaintiffs Cannot Request An Expansion Of The Court's Ruling Under the Guise Of "Providing Detail."

Plaintiffs freely admit that they have not received the injunction they initially proposed (and obviously desired) in their motion for summary judgment. (Pls' Motion at 2). Specifically, plaintiffs requested an extensive permanent injunction in their motion:

> We ask the Court to **(1)** grant summary judgment in favor of plaintiffs; **(2)** direct defendants to restore the *status quo ante*; **(3)** permanently enjoin defendants from making future unilateral changes in retirement health insurance; **(4)** direct defendants to identify and disgorge undeserved gains and to identify, and make plaintiffs whole for, their losses incurred due to defendants' breaches and violations; and **(5)** direct defendants to otherwise fully comply with their CBA and ERISA obligations.

(Pl's Motion for Summary Judgment, Dkt. 47 at 30; Dkt. 54 at 20). As shown above, however, the Court's ruling and order, however, is brief. It requires only that defendants "shall restore the status quo by reinstating the Plaintiffs' healthcare coverage in effect until 2012."

Undeterred by this, plaintiffs seek to expand the relief granted by the Court. Not only is this request untimely and inappropriate, their request specifically contradicts the relief ordered by the Court in numerous ways, such as:

> **An appropriate remedy to rectify an employer's wrongful unilateral changes in collectively-bargained retirement healthcare in an ERISA/LMRA class may include:**
>
> **A. Directing the employer to "comply with its CBA obligations regarding retirement healthcare";**

This request effectively mirrors the Court's own order and permanent injunction, and is therefore redundant.

> **B. Requiring the employer to "promptly restore the *status quo ante*" and undo the employer's unilateral changes imposed in violation of the CBAs and ERISA.**

It is unclear what the plaintiffs are requesting here. First, the Court has already ruled that defendants are required to restore the status quo by reinstating the 2012 healthcare coverage. To the extent that "B" mirrors this, the request is redundant when compared to the Court's order.

7

Further, to extent that "B" seeks relief beyond a return to the status quo and that which is required by the defendants under the collective bargaining agreements, it is improper. Under ERISA, a beneficiary is entitled only to those benefits explicitly provided for in the plan documents. *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995) (holding that ERISA does not create any substantive entitlement to health benefits apart from those enumerated in their welfare plans, which may be adopted, modified, or terminated). Any attempt by plaintiffs to expand what plaintiffs are entitled to receive is impermissible. The Court's order already requires defendants to provide health coverage as provided in the relevant collective bargaining agreements.

### C. Directing the employer to "continue to provide [the promised] healthcare benefits, at no premium cost to class members, for the lifetime of each class member";

This requested injunctive provision directly contradicts both the Court's order and the very language of the collective bargaining agreements ("CBAs"). The Court ordered defendants to reinstate the healthcare in effect until 2012. That coverage, as defined by the CBAs, and as explained in defendants' own motion for summary judgment, requires plaintiffs to pay certain premium costs out of their own pocket, including routine office visits, life-style drugs (such as Viagra), out-of-network charges, premium medical equipment, and Medicare B premium costs. (Dft's Motion for Summary Judgment, Dkt. 37 at 12). As a result, plaintiffs' request to enjoin defendants and force them to pay all premium costs is not reflected in the applicable CBAs.

Finally, plaintiffs' demand also contradicts the CBAs when it requires defendants to pay the healthcare benefits "for the lifetime" of each class member. Under the applicable CBAs, the defendants are permitted to make changes to retiree healthcare, provided that they negotiate with the union. As a result, the healthcare benefits are not necessarily "for life," but rather, they are negotiable under the circumstances, as the Court's summary judgment order already reflects. At a minimum, any permanent injunction should reflect that changes to retiree healthcare can be made,

pending negotiations and agreement with the union. This is particularly important, given the perpetually fluctuating healthcare costs both now and in the future.

### D. Requiring that the employer "promptly take such action as necessary to identify, and make whole class members for, the expenses incurred by class members due" to the employer's "unilateral changes";

First, the relief under "A" is all that is required by the Court's order. This does not require the defendants to "identify" any class members. This issue was explored in discovery. In fact, defendants specifically inquired to plaintiffs' counsel about any shortfalls in coverage for plaintiff class members on several occasions. No discrepancies in coverage were reported. Further, defendants have monitored the class members and are already aware of what plans in which they are currently enrolled. Should defendants discover any discrepancy made between the amount of healthcare benefits promised under the CBA and the amount actually provided under the 2012 program, it will be rectified.

### E. Retaining "jurisdiction over any post judgment matters and issues of implementation and enforcement" of the Court's "order, the judgment, and the permanent injunction."

Here, the Court's Order speaks for itself. The Court, as it is entirely permitted to do, carved out and chose to retain jurisdiction *only* to "determine whether Plaintiffs are entitled to their reasonable attorney fees and costs incurred as a result of bringing the instant action." (Judgment at 18). The Court could have chosen to retain jurisdiction for the enforcement of the injunction; it elected not to. The plaintiff class will not be without a remedy if they determine that defendants have failed to fulfill the Court's order. They are free to pursue a new lawsuit, just as they have done with this case in light of the *Golden v. Kelsey-Hayes Co.*, 845 F. Supp. 410 (E.D. Mich. 1994), decision twenty years prior.

### C. The *Hargrove* Decision Is Inapposite.

Finally, plaintiffs' reliance on *Hargrove v. Eaglepicher Corp.*, 852 F.Supp.2d 851 (E.D. Mich. 2012), is misplaced. Plaintiffs' counsel in this case, who was (not coincidentally) the plaintiffs' counsel in *Hargrove*, requested nearly the exact same permanent injunction in *Hargrove* as here, with nearly identical language throughout the requested injunction. Both in *Hargrove* and in this decision, the plaintiffs requested the permanent injunction as a part of its motion for summary judgment. That is, however, where the similarities between the two cases end.

The court in *Hargrove*, on the facts before it, adopted the plaintiffs' proposed injunction in its ruling in favor of the plaintiffs. This Court did not. Indeed, unlike the court in *Hargrove*, this Court elected to craft its own, narrower remedy despite being presented with the proposed language. The plaintiffs in *Hargrove* did not file a post-judgment request to "provide detail" to that court's decision, like plaintiffs have done here. Viewed in this light, plaintiffs' motion here is more properly seen as an inappropriate attempt to rewrite this Court's order to more fully suit their demands.

### III. CONCLUSION

The Court's summary judgment order spells out the relief it awarded to plaintiffs. Plaintiffs' request for the Court to adopt an order providing additional relief should be denied, and the Court's ruling on April 24, 2013 should stand, pending appeal.

Respectfully submitted,

/s/Gregory V. Mersol
Gregory V. Mersol (Ohio 0030838)
  (*admitted in this Court*)
Todd A. Dawson (Ohio 0070276)
  (*admitted in this Court*)
BAKER & HOSTETLER LLP
3200 PNC Center
1900 East Ninth Street
Cleveland, OH  44114-3485
Telephone:  (216) 621-0200

10

Facsimile: (216) 696-0740
Email: gmersol@bakerlaw.com
Email: tdawson@bakerlaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

  I hereby certify that on May 20, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                */s/Gregory V. Mersol*
                *One of the Attorneys for Defendants*