UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STEEL, PAPER AND FORESTRY,
RUBBER, MANUFACTURING, ENERGY,
ALLIED INDUSTRIAL AND SERVICE WORKERS         Case No. 11-15497
INTERNATIONAL UNION, AFL-CIO-CLC;             Class Action
RONALD STRAIT; and DANNY O. STEVENS,
for themselves and others similarly-situated,
                                              U.S. District Judge
       Plaintiffs,                          Gershwin A. Drain
  v.

KELSEY-HAYES COMPANY; TRW AUTOMOTIVE, INC.;
and TRW AUTOMOTIVE HOLDINGS CORP.,

       Defendants.
_____/

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION [DOCKET 77] TO
MOTION FOR PERMANENT INJUNCTION [DOCKET 69]**

**CERTIFICATE OF SERVICE**

Stuart M. Israel (P15359)
Legghio & Israel, P.C.
306 South Washington, Suite 600
Royal Oak, MI 48067
(248) 398-5900
israel@legghioisrael.com

Class Counsel and Attorney for Class
   Representatives and USW

## TABLE OF AUTHORITIES

**CASES**

*Cole v. ArvinMeritor, Inc.*, 2007 WL 1140922 (E.D. Mich.) (Ex. C) ............................................. 3

*Hargrove v. EaglePicher Corp.*, 852 F.Supp.2d 851 (E.D. Mich. 2012) ................................... 2, 3

*Moore v. Menasha Corp.*, 2012 WL 5992107 (W.D. Mich.) (Ex. B) ......................................... 2, 3

*Moore v. Menasha Corp.*, 690 F.3d 444 (6th Cir. 2012), *cert. denied* 133 S.Ct. 1643 (2013) ................................................................................................................................ 2

*NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585 (6th Cir. 1987) ....................................................... 3

**RULES**

Federal Rule of Civil Procedure 65(d) ...................................................................................... 1, 2, 3

i

We seek an injunction pursuant to Rule 65(d)(1) to implement the Court's April 24 opinion granting summary judgment and permanent injunction. (Docket 65). We seek an injunction in the simple format proposed (Ex. A) to detail defendants' restoration, compliance, and "make whole" obligations, and to tie those obligations to the Court's jurisdiction over any post-judgment issues of implementation and enforcement.

**A.**

Defendants insist that the proposed injunction "contradicts" and would "conflict with what the Court has already ordered" and—*inconsistently*—that the proposed injunction would be "redundant" and "effectively mirrors the Court's own order and permanent injunction." In addition, defendants insist that the proposed injunction is "untimely," "improper," "impermissible," and "an inappropriate attempt" to "rewrite" the Court's opinion "to more fully suit [the retirees'] demands." Defendants opine that the Court lacks authority to act, that the "case is now closed," and that the retirees are "free to pursue a new lawsuit."

In fact, the Court retains jurisdiction to implement and enforce its orders and judgments. We do not have to "pursue a new lawsuit" to enforce the relief directed in this lawsuit. Moreover, we merely seek a free-standing injunction directing defendants to meet their obligations under the Court's opinion, ERISA, and the governing CBAs. Even if our proposed injunction is, at worst, "redundant," it still serves a salutary purpose by setting out defendants' obligations in a succinct document.[1]

---

[1] TRW now asserts that our proposed injunction is "redundant" and "mirrors the Court's own order and permanent injunction." TRW never before expressed this. We wrote to defense counsel on April 30 asking that TRW concur in our reading of the Court's April 24 opinion (Docket 65): that it "encompasses defendants' 'make whole' obligations and the related relief addressed in our SJ papers." (Ex. D). Defense counsel never responded.

1

**B.**

There is nothing unusual, much less "improper," about our request. As our main brief shows (Docket 69 at 2), we seek relief like that ordered by Judge Tarnow in another ERISA/LMRA retirement healthcare class action, *Hargrove v. EaglePicher Corp.*, 852 F.Supp.2d 851, 877 at ¶¶27-29 (E.D. Mich. 2012).

In addition, we seek relief like that ordered by Judge Bell to implement the judgment issued pursuant to *Moore v. Menasha Corp.*, 690 F.3d 444 (6th Cir. 2012), *cert. denied* 133 S.Ct. 1643 (2013). Judge Bell denied Menasha's request to stay the post-judgment permanent injunction motion made by retirees and spouses in an ERISA/LMRA healthcare action pending Menasha's then-anticipated *cert* petition. He granted the motion for permanent injunction based on the "reasons for the injunction [which] are adequately addressed in the Sixth Circuit opinion" and in "this Court's July 15, 2010 opinion." Judge Bell ordered in *Moore*, 2012 WL 5992107 at *2 (W.D. Mich.) (Ex. B) (emphasis in original):

> that Defendant Menasha is **ENJOINED** as follows. Menasha shall promptly restore the *status quo ante* and shall thereafter fully comply with its collective bargaining agreement and ERISA obligations to provide the retirees and spouses lifetime retirement healthcare, fully paid by Menasha, without any premium "contribution" charges to the retirees and spouses. In addition, Menasha shall promptly identify, and make whole the retirees and spouses for, the premium "contributions" imposed on them by Menasha, and paid by them to Menasha, from the date of the first payment of these "contributions" until restoration of the *status quo ante*.

In short, we seek an injunction giving effect to the Court's April 24 opinion in a succinct Rule 65(d) format like those issued in *Hargrove* and *Moore*.

**C.**

Moreover, there is no merit to defendants' argument that the "case is now closed" and the Court somehow lacks authority to implement and enforce its orders and judgments. Even if an appeal is filed, a district court retains jurisdiction to enforce a judgment "so long as the judgment

2

has not been stayed or superseded." *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987). This includes district court jurisdiction to address remedies. See *Cole v. ArvinMeritor, Inc.*, 2007 WL 1140922 (E.D. Mich.) (Ex. C) (the district court in an ERISA/LMRA retirement healthcare case has post-judgment, post-permanent-injunction jurisdiction to address remedies issues while liability issues are on appeal).

## CONCLUSION

In sum, like the Rule 65(d) injunctions issued by Judge Tarnow in *Hargrove* and Judge Bell in *Moore*, and consistent with the injunctive relief ordered by this Court in Docket 65, we ask that the Court issue its permanent injunction in the proposed stand-alone format (Ex. A).

                                                  s/Stuart M. Israel
                                                  Stuart M. Israel (P15359)
                                                  Legghio & Israel, P.C.
                                                  306 South Washington, Suite 600
                                                  Royal Oak, MI 48067
                                                  (248) 398-5900
                                                  israel@legghioisrael.com

May 22, 2013                                   Class Counsel and Attorney for Class
                                                            Representatives and USW

## CERTIFICATE OF SERVICE

    I hereby certify that on May 22, 2013, I caused the foregoing paper to be electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of interest participating in the CM/ECF system.

                                              s/Stuart M. Israel
                                              Stuart M. Israel