UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STEEL, PAPER AND FORESTRY,
RUBBER, MANUFACTURING, ENERGY,
ALLIED INDUSTRIAL AND SERVICE                    Case No. 11-15497
WORKERS INTERNATIONAL UNION,                     HON. GERSHWIN A. DRAIN
AFL-CIO-CLC; RONALD STRAIT, and
DANNY O. STEVENS, for themselves and
others similarly situated,

    Plaintiffs,

vs.

KELSEY-HAYES COMPANY, *et al.*,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION IN PART AND DENYING IN PART [#69]

On April 24, 2013, this Court granted Plaintiffs' Motion for Summary Judgment. The Court's Order required Defendants to restore the status quo by reinstating Plaintiffs' healthcare coverage in effect until 2012. This Court also permanently enjoined Defendants from making future unilateral changes to the healthcare coverage provided by the CBA. Finally, this Court retained jurisdiction of this case to determine whether Plaintiffs were entitled to attorney fees. Presently before the Court is Plaintiffs' Motion for Permanent Injunction filed on May 3, 2013. Defendants filed a Response on May 20, 2013. The Court has ordered resolution of this matter without oral argument pursuant to E.D. Mich. L.R. 7.1(f)(2).

Plaintiffs filed the Motion in order to provide "detail regarding defendants' restoration, compliance, and 'make whole' obligations." Given the size and complexity of the case, greater

detail regarding Defendants' obligations consistent with this Court's Order is beneficial. To that end, Plaintiffs have attached a Proposed Permanent Injunction concerning enforcement of the Court's Order.

Defendants objected to entry of the Proposed Permanent Injunction on the basis that it expanded on the Court's original Order. Most of the objections raised by Defendants have no merit. However, Defendants are correct that Plaintiffs' request in Paragraph D goes beyond the scope of the Order as Defendants were not required to identify additional class members. This was, and remains, the duty of Plaintiffs to identify members of its class.

Plaintiffs' remaining requests are granted, as is reflected in the attached Permanent Injunction. Defendants' objection to Paragraph C incorrectly argues that the governing CBA did not provide healthcare to the class members "at no premium cost." The relevant language states: "The Company shall contribute the full premium or subscription charge for health care coverages continued in accordance with Article III, Section5 . . . ." Therefore, Defendants are required to continue providing the same healthcare coverage under the governing CBA, nothing more, nothing less. Defendants' remaining objections are likewise unpersuasive. Paragraphs A and B are somewhat redundant, but on the whole provide greater clarity regarding Defendants' ongoing obligation to Plaintiffs. Paragraph B is sufficiently clear for this Court to understand that it requests a return to the status quo, which is consistent with this Court's Order. While Defendants are correct in their objection to Paragraph E that this Court only stated jurisdiction was retained in regard to attorney's fees, it goes without saying that the Court will continue to enforce its Order. The case law cited by Plaintiffs makes clear that this Court may do so even pending appeal. *See NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987); *see Cole v. ArvinMeritor, Inc.*, No. 03-

73872, 2007 WL 1140922, *3-4 (E.D. Mich. Apr. 17, 2007).

For the foregoing reasons, Plaintiffs' Motion for Permanent Injunction [#69] is GRANTED IN PART and DENIED IN PART.

SO ORDERED.

Dated: June 5, 2013

                S/Gershwin A. Drain
                GERSHWIN A. DRAIN
                UNITED STATES DISTRICT JUDGE


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record
on
June 5, 2013, by electronic and/or ordinary mail.

            S/Tanya Bankston
            Deputy Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STEEL, PAPER AND FORESTRY,
RUBBER, MANUFACTURING, ENERGY,
ALLIED INDUSTRIAL AND SERVICE WORKERS   Case No. 11-15497
INTERNATIONAL UNION, AFL-CIO-CLC;   HON. GERSHWIN A. DRAIN
RONALD STRAIT; and DANNY O. STEVENS,
for themselves and others similarly-situated,

        Plaintiffs,
v.

KELSEY-HAYES COMPANY; TRW AUTOMOTIVE, INC.;
and TRW AUTOMOTIVE HOLDINGS CORP.,

        Defendants.
                                      /

**PERMANENT INJUNCTION**

Upon plaintiffs' motion and the record before the Court, including the Court's April 24, 2013 opinion and order and the related judgment (Docket 65-66), and pursuant to Fed.R.Civ.P. 65(d)(1), the Court orders as follows.

1.    Plaintiffs Ronald Strait and Danny O. Stevens, for themselves and a class of approximately 400 retirees, along with United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International, AFL–CIO-CLC ("USW"), sued under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001 *et seq.*, and Section 301 of the Labor–Management Relations Act ("LMRA"), 29 U.S.C. §185. They challenged defendants' unilateral modification of collectively-bargained retirement health insurance and defendants'

assertion of a "right" to unilaterally reduce, suspend, or terminate retirement healthcare in the future.

2.     Plaintiffs Strait and Stevens and the other retirees worked at the now-closed Kelsey-Hayes automobile parts manufacturing plant in Jackson, Michigan.  They were members of the USW-predecessor labor organizations which were parties to the 1995, 1999, and 2003 collective bargaining agreements ("CBAs").  The CBAs promise the "Insurance Program" described in Supplements "C" and "C-1" and "made part of" the CBAs "as if set out in full."  This Court held that defendants violated the CBAs and ERISA, directed defendants to restore the promised healthcare, and permanently enjoined defendants from making further unilateral changes to the restored healthcare promised by the CBAs.  (Docket 65 at 18 and *passim*).

## SUMMARY OF THE FACTS

3.     On September 14, 2011, TRW Automotive, Kelsey-Hayes' parent corporation, wrote to the Jackson plant retirees about a "change in our retiree healthcare program effective January 1, 2012."  TRW announced that the group healthcare for those 65 and older would be replaced with individual capped health reimbursement arrangements ("HRAs").  TRW wrote that it "retains the right to amend or terminate the HRA."  TRW also sent a booklet to the retirees which stated in part:

> You are neither vested in your retiree healthcare benefits nor does TRW Automotive intend to vest you in retiree healthcare benefits. To the fullest extent permitted by law, TRW Automotive reserves the right to amend, modify, suspend, replace or terminate any of its plans, policies or programs (including the HRA), in whole or in part, at any time and for any reason, by appropriate Company action. For example, TRW Automotive may, at any time, increase, decrease or eliminate the amount that is allocated to your HRA account each year.

4.     On January 1, 2012, defendants discontinued the group health insurance for those age 65 and older and replaced it with the HRAs.  Defendants credited a "one-time contribution of $15,000" for each retiree and spouse for 2012 and promised a $4,800.00

credit for each for 2013. As to 2014 and beyond, defendants stated they would consider healthcare costs, legislative changes, and other factors and use their "sole discretion" to decide whether to make HRA contributions in the future. Under the HRA system, retirees must use ExtendHealth, buy individual insurance policies from selected carriers, pay premiums, and then submit claims for reimbursement. If sufficient support is provided, ExtendHealth would reimburse retirees from HRA funds.

    5.    This Court found that the CBA language promised vested lifetime retirement health insurance. The CBAs promised "continuance" of the healthcare that employees had "at the time of retirement," that this healthcare "shall be continued thereafter" for retirees, their spouses and eligible dependents, that the company would pay the "full premium," and that changes could be made only "by mutual agreement between the Company and the Union." This Court and the Sixth Circuit previously held that identical CBA terms unambiguously promised vested lifetime fully-company-paid retirement healthcare. *See Golden v. Kelsey-Hayes Co.*, 954 F.Supp. 1173, 1178-1179, 1186 (E.D. Mich. 1997), preceded by 845 F.Supp. 410 (E.D. Mich. 1994), affirmed at 73 F.3d 648 (6th Cir. 1996); *Hinckley v. Kelsey-Hayes Co.*, 866 F.Supp. 1034 (E.D. Mich. 1994); *McCoy v. Meridian Auto. Sys., Inc.*, 390 F.3d 417, 419 (6th Cir. 2004); and *Cole v. ArvinMeritor, Inc.*, 516 F.Supp.2d 850, 861-864 (E.D. Mich. 2005) and 515 F.Supp.2d 791 (E.D. Mich. 2006), *aff'd* 549 F.3d 1064, 1070 (6th Cir. 2008).

    6.    Additionally, the Court found that defendants are barred from relitigating the meaning of the CBA terms by the collateral estoppel doctrine. *Golden* decided affirmatively the same issue before this Court: whether "shall be continued" and "full premium" CBA terms unambiguously promised lifetime company-paid retirement health insurance. *Golden*,

954 F.Supp. at 1188.  The Court found, too, that defendants are estopped from denying that the CBAs promise lifetime retirement health insurance by defendants' own conduct.  Aware of the 1994 *Golden* and *Hinckley* decisions, Kelsey-Hayes agreed to identical terms in the 1995 CBA.  After the 1997 *Golden* decision, Kelsey-Hayes again agreed to identical CBA terms in the 1999 and 2003 CBAs.  The Court also found that vesting is further demonstrated by defendants' other words and conduct and admissions.  See Docket 65 at 11-12.

7.     The Court held that defendants' unilateral modification of plaintiffs' retirement health insurance breached the CBAs and violated ERISA.  Defendants repudiated the "full premium" obligation and the lifetime duration of its promises by replacing the promised fully-company-paid group insurance with the capped and terminable individual HRAs.  The Court found that the HRAs shift the risk of healthcare costs from defendants to retirees and that the HRA structure—substituting reimbursement for insurance, replacing comprehensive "full premium" coverage with capped HRA credits, and imposing administration on the retirees—constitute CBA breaches and ERISA violations.  In addition, the Court found that defendants' unilateral actions breached the CBAs' "mutual agreement" clauses.  See Docket 65 at 13-14 and *passim*.

8.     <u>In sum</u>, based on the unambiguous CBA terms, on defendants' admissions by words and deeds, and on the doctrines of issue preclusion, estoppel, and *stare decisis*, the Court held that plaintiffs were entitled to summary judgment and that defendants' unilateral alteration of the retirees' healthcare breached the 1995, 1999, and 2003 CBAs in violation of the LMRA and ERISA.  The Court held:  "Plaintiffs are entitled to declaratory, injunctive and 'make whole' remedies to which monetary relief is incidentally awarded."

**REMEDY AND INJUNCTION**

9. An appropriate remedy to rectify an employer's wrongful unilateral changes in collectively-bargained retirement healthcare in an ERISA/LMRA class action may include:

> A. directing the employer to "comply with its CBA obligations regarding retirement healthcare";
>
> B. requiring the employer to "promptly restore the *status quo ante*" and undo the employer's unilateral changes imposed in violation of the CBAs and ERISA;
>
> C. directing the employer to "continue to provide [the promised] healthcare benefits, contributing the full premium or subscription charge as required by the CBA, for the lifetime of each class member"; and
>
> D. retaining "jurisdiction over any post judgment matters and issues of implementation and enforcement" of the Court's "order, the judgment, and the permanent injunction."

*Hargrove v. EaglePicher Corp.*, 852 F.Supp.2d 851, 857 at ¶¶27-28 (E.D. Mich. 2012)

2. Accordingly, based on the Court's findings set out above and in more detail in Docket 65, all defendants are permanently enjoined as follows.

Defendants shall:

> A. Fully comply with their obligations under the LMRA and ERISA to provide class members with the retirement healthcare promised in the 1995, 1999, and 2003 CBAs;
>
> B. Promptly restore the *status quo ante* by reinstating the promised healthcare;
>
> C. Continue to provide the promised healthcare to class members, administered by defendants, for the lifetime of each class member; and
>
> D. Promptly take such action as necessary to make whole each class member for, expenses incurred by the class member due to

>defendants' unilateral changes, until each class member is made whole and the *status quo ante* is fully restored.

In addition, the Court retains jurisdiction over any post-judgment matters and issues of implementation and enforcement of this permanent injunction and the Court's April 24, 2013 opinion and order and judgment (Docket 65-66).

SO ORDERED.


Dated: June 5, 2013                             /s/Gershwin A Drain
                                                GERSHWIN A. DRAIN
                                                United States District Judge