UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STEEL, PAPER AND FORESTRY,
RUBBER, MANUFACTURING, ENERGY,
ALLIED INDUSTRIAL AND SERVICE           Case No. 11-15497
WORKERS INTERNATIONAL UNION,            HON. GERSHWIN A. DRAIN
AFL-CIO-CLC; RONALD STRAIT, and
DANNY O. STEVENS, for themselves and
others similarly situated,

        Plaintiffs,

vs.

KELSEY-HAYES COMPANY, *et al.*,

        Defendants.
_____/

## ORDER GRANTING IN PART CLASS REPRESENTATIVES' POST-JUDGMENT MOTION FOR ATTORNEY FEES AND EXPENSES [#70]

### I.    INTRODUCTION

Presently before the Court is the Class Representatives' Post-Judgment Motion for Attorney Fees and Expenses, filed on May 3, 2013. Class counsel requests an award of attorney fees in the amount of $595,500.00, representing 1,162.50 attorney hours at $475.00 per hour, and 346.50 paralegal and law clerk hours at $125.00 per hour. Additionally, class counsel requests $4,248.96 in expenses.

On May 21, 2013, Defendants filed their Brief in Opposition. Defendants do not object to class counsels' right to an award of attorney fees, however Defendants argue that a ruling on attorney fees and expenses is premature because they filed their Notice of Appeal concerning this Court's decision granting summary judgment to Plaintiffs. Further, Plaintiffs acknowledge they will

be requesting additional fees, thus their request should be stayed pending resolution of Defendants' appeal. Defendants also assert that class counsels' requested fees are excessive and unreasonable and should be reduced to $245,735.00. A hearing was held on June 11, 2013. For the reasons that follow, the Court will award $520,516.50 in attorney fees and $4,248.96 in expenses.

## II.   PROCEDURAL HISTORY

On December 15, 2011, Plaintiffs filed the instant action pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 *et seq*. and Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185, seeking, among other remedies, a permanent injunction requiring Defendants, Plaintiffs Ronald Strait's and Danny O. Stevens's former employer, to comply with their contractual obligations to provide Plaintiffs, and a class of others similarly situated, with retirement healthcare promised in the 1995, 1999 and 2003 collective bargaining agreements ("CBAs"), restore the *status quo ante* by reinstating these promised benefits and enjoining Defendants from any future unilateral modifications of the Plaintiffs' retirement benefits.

On May 30, 2012, this Court denied the Defendants' Motion to Compel Arbitration. *See* Dkt. No. 20. This matter was reassigned to the undersigned on October 1, 2012 pursuant to Administrative Order 12-AO-018. On March 18, 2013, this Court granted the Plaintiffs' Motion for Class Certification pursuant to Rule 23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure, appointed Plaintiffs Ronald Strait and Danny O. Stevens as class representatives and appointed Stuart M. Israel and Legghio & Israel, P.C. as class counsel. *See* Dkt. No. 58. On April 24, 2013, this Court granted Plaintiffs' Motion for Summary Judgment and denied Defendants' Motion for Summary Judgment, and on June 5, 2013, this Court entered a Permanent Injunction enjoining

Defendants as follows:

    A.    Fully comply with their obligations under the LMRA and ERISA to provide class members with the retirement healthcare promised in the 1995, 1999, and 2003 CBAs;

    B.    Promptly restore the status quo ante by reinstating the promised healthcare;

    C.    Continue to provide the promised healthcare to class members, administered by defendants, for the lifetime of each class member; and

    D.    Promptly take such action as necessary to make whole each class member for, expenses incurred by the class member due to defendants' unilateral changes, until each class member is made whole and the status quo ante is fully restored.

Dkt. No. 82 at 8-9. On May 23, 2013, Defendants filed a Notice of Appeal.

### III. LAW & ANALYSIS

#### A. Attorney Fees Pursuant to 29 U.S.C. § 1132)(g)(1)

In certain ERISA actions, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Plaintiffs have the burden of establishing entitlement to attorney's fees. *Sec. of Dept. of Labor v. King*, 775 F. 2d 666, 669 (6th Cir. 1985)*; see also Foltice v. Guardsman Prods.*, 98 F. 3d 933, 936-37 (6th Cir. 1996). To determine whether Plaintiffs have demonstrated entitlement to attorney fees and costs, the court should evaluate: "(1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions." *Foltice,* 98 F.3d at 936-37. "The *King* factors are not statutory . . . and need not be parsed as though they were[;] none of them is necessarily dispositive. *Id.* at 937.

Here, Defendants offer no argument concerning any of the *King* factors and apparently

concede Plaintiffs' right to fees under § 1132(g)(1), therefore for the reasons stated in Plaintiffs' Motion, the Court finds that Plaintiffs have demonstrated that the "cumulative weight" of all five *King* factors warrant the award of attorney fees and costs. *Jordan v. Michigan Conf. of Teamsters Welfare Fund*, No. 96-73113, 2000 WL 333213150, *5 (E.D. Mich. Sept. 28, 2000). As to Defendants' argument that a ruling on Plaintiffs' request for attorney fees and costs is premature, the Court declines to enter a stay of this motion until resolution of Defendants' appeal. Plaintiffs have met their burden establishing entitlement to attorney fees. The nearly two year old status of this matter and the uncertainty as to when and how the appellate court will rule on Defendants' appeal are circumstances which render a stay prejudicial to class counsel, undermining the public interest in ensuring that attorneys representing ERISA employees are fully compensated and that employers comply with federal law. *See Rankin v. Rots*, 02-cv-71045, 2006 WL 1791377, *2 (E.D. Mich. June 27, 2006) ("Plaintiff secured a substantial benefit for the class and there is a public interest in ensuring that attorneys willing to represent employees in ERISA litigation are adequately paid" and "compensatory fee awards . . . promote private enforcement of and compliance with important areas of federal law.")

    **B.**    **The Lodestar Approach**

This court must use the "lodestar" method to determine the appropriate amount of attorney fees. *See Barnes v. City of Cincinnati*, 401 F. 3d 729, 745 (6th Cir. 2005). This method requires a finding of "the proven number of hours reasonably expended on the case by an attorney, multiplied by his [] court-ascertained reasonable hourly rate." *Gratz v. Bollinger*, 353 F. Supp. 2d 929, 937 (E.D. Mich. 2005). "The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which

avoids producing a windfall for lawyers." *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000).

"The party seeking an award of attorney fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Gratz*, 353 F. Supp.2d at 937 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Fees that are not reasonably expended, such as fees incurred as a result of duplication of efforts are to be excluded. *Id.* The reasonableness of hours (and hourly rate) is determined by consideration of the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Isabel v. Memphis*, 404 F.3d 404, 415 (6th Cir. 2005).

In assessing the "reasonable hourly rate" component of the lodestar method the district court should assess the "prevailing market rate in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The prevailing market rate is "that which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record . . . ." *Addock-Ladd*, 227 F. 3d at 350.

Defendants argue that Plaintiffs' requested fees are excessive and should be significantly reduced. Defendants' objections are directed only to the number of hours expended, and not to the hourly fee rate requested by class counsel, which is a rate of $475.00 per hour for attorney work, and $125.00 per hour for law clerk and paralegal work. The Court finds that the requested rate of

$475.00 for attorney work and $125.00 for legal support staff work is reasonable and consistent with the prevailing market rate in the relevant community. *See Hargrove v. EaglePicher*, No. 2:10-cv-10946, 2012 WL 1668152, *2 (E.D. Mich. May 10, 2012) (approving $475.00 per hour attorney rate and $125.00 per hour rate for paralegal and law clerk work in ERISA retiree health benefit class action).

The gist of Defendants' objection to Plaintiffs' fee request is that Plaintiffs expended too many hours in the prosecution of this case. The Court agrees that the amount of time billed for the prosecution of this matter is excessive. Class counsel worked a total of 1,162.50 attorney hours during these proceedings, which is equivalent to twenty-nine, forty hour work weeks on this case. A review of the billing records reveals that counsel spent an excessive amount of time on briefing during these proceedings. Specifically, class counsel spent 119.75 hours preparing a brief in opposition to Defendants' Motion to Compel Arbitration, even though counsel prepared a brief opposing a motion to compel arbitration in another case based on the same legal principles and grounds as those raised in the briefing in the present matter. *See International Union v. Kelsey-Hayes*, case number 11-14434, Dkt. No. 45. As further example, counsel spent 353.25 hours briefing cross motions for summary judgment, even though the governing law presented in their briefing was substantially similar to briefing they submitted in a similar retiree healthcare action. *See Moore v. Menasha Corp.*, case number 08-cv-1167, W.D. Mich., Dkt. No. 47.

Further, determining whether class counsels' requested fees are reasonable is difficult because of their use of vague block billing entries such as "review documents," "research legal issues," and "plan strategy." "Inadequate documentation makes it impossible for the court to verify the reasonableness of the billing, either as to the necessity of the particular service or the amount

of time expended on a given task." *Gratz*, 353 F. Supp. 2d at 939 (reducing requested fees by ten percent due to block billing and vague entries).

Plaintiffs have failed to demonstrate that the hours expended were reasonable, particularly in light of counsels' credentials and extensive experience with ERISA/LMRA retirement healthcare litigation. Accordingly, based on the excessiveness of counsels' billed hours and vague billing entries, the Court will reduce the attorney hours by 10%. "When confronted with a request for the award of attorney's fees in the face of inadequate billing records, courts in the Sixth Circuit often apply across-the-board fee reductions." *Grant v. Shaw Envtl., Inc.*, No. 08-cv-350, 2013 U.S. Dist. LEXIS 49180, *22 (E.D. Tenn. Jan. 30, 2013). The Court will therefore award attorney fees in the amount of $520,516.50.

| Attorney/ Paralegal | Total Claimed Hours | W/ 10% Reduction | Multiplied by Hourly Rate | Total |
|---|---|---|---|---|
| Stuart M. Israel | 832.25 | 749.03 | x 475 | $336,019.75 |
| John G. Adam | 330.25 | 297.23 | x 475 | $141,184.25 |
| Tammy Popchock, Zach Adams and Chris Bowers | 346.50 | No reduction taken | x 125 | $43,312.50 |
| | | | | Overall Total: $520,516.50 |

## IV.     CONCLUSION

For the reasons stated above, Plaintiffs' Post-Judgment Motion for Attorney Fees [#70] is GRANTED IN PART. Class counsel are awarded $520,516.50 in attorney fees and $4,248.96 in

expenses for a total attorney fees and expenses award of $524,765.16.

     SO ORDERED.

Dated: June 12, 2013                                           /s/Gershwin A Drain
                                                                  GERSHWIN A. DRAIN
                                                                  UNITED STATES DISTRICT JUDGE